ORIGINAL

FILED AND ENTERED
ON DOCKET

'04 MAY 12 A7:35

1  RON BENDER (California SBN 143364)
2  NELLWYN VOORHIES (California SBN 168698)
   LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3  1801 Avenue of the Stars, Suite 1120
4  Los Angeles, California 90067
   Telephone: (310) 229-1234; Facsimile: (310) 229-1244
5
6  SALLIE B. ARMSTRONG (Nevada SBN 001243)
   DOWNEY BRAND, LLP
7  427 West Plumb Lane
   Reno, Nevada 89509
8  Telephone: (775) 329-5900; Facsimile: (775) 786-5443
9
   Attorneys for Debtors
10 and Debtors in Possession

11           UNITED STATES BANKRUPTCY COURT
12                 FOR THE DISTRICT OF
13                    RENO, NEVADA
14

15 | In re                                           | Case No. BK-N-02-50085 GWZ
                                                      Chapter 11 Jointly
16 | STATE LINE HOTEL, INC., a Nevada                | Administrated With
17 | corporation,
                                                      BK-N-02-50081 GWZ
18 |           Debtor.                                BK-N-02-50083 GWZ
                                                      BK-N-02-50082 GWZ
19 | ☐ Affects this Debtor.         /                 BK-N-02-50086 GWZ
20 | ☒ Affects all Debtors.         /                 BK-N-02-50084 GWZ
   | ☐ Affects STATE LINE CASINO, a                  BK-N-02-50080 GWZ
21 |    Nevada general partnership,/
22 | ☐ Affects STATE LINE PROPERTIES,                CHAPTER 11
   |    INC., a Utah Corp.          /
23 | ☐ Affects STATE LINE PROPERTIES,                STIPULATION AND ORDER
   |    LTD., a Utah limited partnership,/           RESOLVING CERTAIN DISPUTES
24 | ☐ Affects STATE LINE APARTMENTS,                BETWEEN THE DEBTORS AND
   |    LTD., a Utah general partnership,     /      WENDOVER CASINOS, INC.,
25 | ☐ Affects JIM'S ENTERPRISES, INC., a            PEPPERMILL PROPERTIES, LLC,
26 |    Nevada Corp.    /                            AND WENDOVER COMMERCIAL
   | ☐ Affects SMITH PROPERTIES, a Nevada            PROPERTIES, INC.
27 |    general partnership/
                                                      Date: June 16, 2004
28                                                    Time: 2:00 p.m.

Smith Properties, a Nevada general partnership, Jim's Enterprises, Inc., a Nevada corporation, State Line Hotel, Inc., a Nevada corporation, State Line Properties, Inc., a Utah corporation, State Line Casino, a Nevada general partnership, State Line Properties, Ltd., a Utah limited partnership, and State Line Apartments, a Utah general partnership (each a "Debtor" and collectively, the "Debtors"), Chapter 11 Debtors and Debtors in Possession, on the one hand, and Wendover Casinos, Inc., Peppermill Properties, LLC and Wendover Commercial Properties, Inc. (collectively, "Peppermill"), on the other hand, enter into this Stipulation, by and through their respective counsel of record, as follows:

## RECITALS

1. The Debtors commenced these bankruptcy cases by filing Voluntary Petitions under Chapter 11 of the Bankruptcy Code on January 10, 2002.

2. The Debtors continue to operate their businesses and manage their financial affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. The Debtors operated two hotels and casinos primarily in West Wendover, Nevada under the trade names of State Line Hotel and Casino and Silver Smith Hotel and Casino (collectively, the "Hotel/Casinos"). The Debtors were also the owners of various other parcels of real property in Nevada and Utah, which were not utilized in the operation of the Hotel/Casinos.

4. On September 13, 2002, the Debtors filed a sale motion with the Court in which the Debtors sought Court authority to sell the majority of the Debtors' assets (the "Assets") to an entity known as SLP Properties, Inc., an entity related to Isle of Capri Casinos, Inc. ("Capri"), for the cash sum of $30 million, subject to certain adjustments, or to any successful overbidder.

5. A number of prospective overbidders appeared at the October 7, 2002 hearing and stated an intention to overbid the $30 million offer submitted by Capri.

6. One such overbidder consisted of Peppermill and Generation 2000, LLC, a Nevada limited liability company ("Gen 2000"), which collectively advised the Court that they intended to submit a joint bid for the Assets. Peppermill and Gen 2000 shall be jointly referred to herein as "Peppermill/2000."

7. At the conclusion of the bidding, the Court determined that the $55 million cash bid with a $22 million cash non-refundable deposit submitted by Peppermill/2000 was the highest and best bid for the Assets, and the Court approved the Debtors' sale of the Assets to Peppermill/2000 (the "Sale").

8. The terms of the Sale were set forth in detail in the order approving the sale (the "Sale Order") and in the operative agreements which were be entered into between the Debtors and Peppermill/2000.

9. In addition to the fifty-five million dollar ($55,000,000.00) all cash purchase price that Peppermill/2000 agreed to pay to the Debtors, Peppermill/2000 agreed to pay cash to the Debtors at the closing equal to the amount of the Debtors' Bankroll existing at the closing, and Peppermill/2000 agreed to purchase all of the Debtors' remaining food and beverage inventory which was unopened and not outdated or unusable.

10. Peppermill/2000 also agreed that they would fund all of the Debtors' operating losses related to the Assets, based on ordinary and necessary business expenses (calculated on a cumulative EBITDA basis) incurred by the Debtors from October 7, 2002 through the closing; provided the Debtors did not incur any expense outside the ordinary course of business without Peppermill/2000's prior written consent; there was a continuity of existing management unless

Peppermill/2000 desired otherwise; and Peppermill/2000 was afforded the ability to monitor existing management to the full extent permitted by the Nevada gaming authorities and the antitrust laws prior to the closing if Peppermill/2000 desired.

11. The Sale Order further provided that "EBITDA" means operating income/losses before interest, taxes, depreciation and amortization, computed in accordance with gaming and rental property industry standards on an accrual basis consistent with generally accepted accounting principles, and that any disputes with regard to management, operating issues or computation of operating losses were to be resolved by the Court and could be brought before the Court on shortened time.

12. The Sale closed on December 19, 2002.

13. On December 15, 2003, the Debtors sent a demand to Peppermill for payment of the losses incurred by the assets sold to Peppermill for the period of October 7, 2002 through December 19, 2002 (the "Demand Letter"). The Demand Letter requested payment of $214,420 by January 5, 2004.

14. The Debtors have received extensive requests for further information from Peppermill to substantiate the losses, and have responded to those requests.

15. Peppermill has asserted extensive counterclaims and affirmative defenses to the demands made by the Debtors, including the allegation that the Debtors owe Peppermill in excess of one million dollars for breaches of the warranties and representations made in connection with the Sale.

16. The parties have extensively negotiated regarding the claims of both parties, and have reached a consensual resolution.

17. Concurrently with filing this Stipulation, the Debtors have filed a Motion seeking approval of the Settlement with the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

## AGREEMENT

NOW, THEREFORE, THE PARTIES TO THIS STIPULATION HEREBY AGREE AS FOLLOWS:

A. Within 48 hours following entry by the Bankruptcy Court of an order approving this Stipulation, Peppermill will deliver payment of $75,000 (the "Settlement Payment") to Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"), counsel to the Debtors, as full payment for all claims asserted by the Debtors. LNBRB will place the Settlement Payment into a segregated interest bearing trust account until the Order approving the Settlement becomes a final order.

B. Effective upon the entry of an order approving the this Stipulation, Peppermill for themselves, and for subsidiary or affiliated persons, firms or corporations, successors and assigns hereby does release and forever discharge the Debtors and their representatives, agents, employees, successors, assigns and any subsidiary or affiliated person, firms or corporations, from any and all claims, actions, suits, accounts, convenience, contracts, controversies, damages judgments and demands, of whatsoever kind or nature which Peppermill ever had, now has or which its successors or assigns hereafter can, shall or may have, for upon or by reason of any matter or thing whatsoever arising on or before the date hereof.

C. Effective upon the entry of an order approving this Stipulation, the Debtors for themselves, and for subsidiary or affiliated persons, firms or corporations, successors and assigns hereby do release and forever discharge Peppermill and its representatives agents, employees,

5

successors, assigns and any subsidiary or affiliated person, firms or corporations, from any and all claims, actions, suits, accounts, convenience, contracts, controversies, damages judgments and demands, of whatsoever kind or nature which the Debtors or each of them, ever had, now has or which its successors or assigns hereafter can, shall or may have, for upon or by reason of any matter or thing whatsoever arising on or before the date hereof.

D. The terms of this Stipulation shall be binding upon any successor or assignee of any party to this Stipulation, including upon any Chapter 7 or Chapter 11 trustee appointed in the Debtors' Chapter 11 cases.

Agreed:

LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P.

By: *[signature]* 5/6/04
    Ron Bender
    Nellwyn W. Voorhies
    Attorneys for Chapter 11 Debtors
    and Debtors in Possession

Approved as to form and content:

LIONEL SAWYER & COLLINS

By: *[signature]* 5/6/04
    Jennifer Smith
    Attorneys for
    WENDOVER CASINOS, INC.,
    a Nevada corporation;
    WENDOVER COMMERCIAL PROPERTIES, INC.,
    A Utah corporation;
    PEPPERMILL PROPERTIES, LLC

**ORDER**

It is so ordered.

Dated: June ___, 2004

_____
THE HONORABLE GREGG W. ZIVE
UNITED STATES BANKRUPTCY JUDGE

6

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a member of Levene, Neale, Bender, Rankin & Brill, L.L.P., counsel for Debtors and Debtors-in-Possession herein. I am a member of the Bar of the State of California and am admitted pro hac vice to appear before the United States Bankruptcy Court for the District of Reno, Nevada. I am not a party to the within action and my business address is: 1801 Avenue of the Stars, Suite 1120, Los Angeles, California 90067-5805.

On May 7, 2004 I served the foregoing document(s) described as:

STIPULATION AND ORDER RESOLVING CERTAIN DISPUTES BETWEEN THE DEBTORS AND WENDOVER CASINOS, INC., PEPPERMILL PROPERTIES, LLC, AND WENDOVER COMMERCIAL PROPERTIES, INC.

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

## SEE ATTACHED SERVICE LIST

__X__   (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on May 7, 2004, at Los Angeles, California.

_____   (By Facsimile) I caused said document to be served via facsimile to those parties on the attached list. Executed on May __, 2004, at Los Angeles, California.

_____   (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressee. Executed on May ___, 2004, at Los Angeles, California.

_____   (By Federal Express **and** Express Mail) I caused said document to be sent via Federal Express **or** for next business morning delivery to the addressee. Executed on May __, 2004, at Los Angeles, California.

_____   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__   (Federal) I declare that I am a member of the State Bar of California and am admitted pro hac vice to appear before this Court.

_____
Nellwyn W. Voorhies

STATE LINE re: PEPPERMILL 9019

Office of the U.S. Trustee (1977-2)
300 Booth Street, Suite 2129
Reno, NV 89509

Debtor's Local Counsel
Sallie B. Armstrong, Esq. (1977-5)
Downey, Brand, LLP
427 West Plumb Lane
Reno, NV 89509

Counsel to Committee of Unsecured Creditors
Kaaran E. Thomas, Esq.
Beckley Singleton Chtd.
1875 Plumas Street # 1
Reno, NV 89509

Counsel for Peppermill Properties, LLC
Jennifer A. Smith, Esq.
Lionel Sawyer & Collins
1100 Bank of America Plaza
50 West Liberty Street
Reno, NV 89501

Kevin Butler
198 East Durfee
Grantsville, Utah 84029

Bill Barnwell
P.O. Box 604
Zephyr Cove, Nevada 89448